Stephen M. Lobbin (SBN 181195)
stephen@foundationlaw.com
Austin J. Richardson (SBN 319807)
austin@foundationlaw.com
**FOUNDATION LAW GROUP LLP**
455 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Tel: 949.636.1391

Attorneys for Defendant **Coil Winding Specialist, Inc.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**Evolve Technologies, LLC**, a Delaware limited-liability company,

Plaintiff,

v.

**Coil Winding Specialist, Inc.**, a California corporation,

Defendant.

Case No. 3:18-cv-00671-BEN-BGS

**DEFENDANT'S ANSWER AND FIRST AMENDED COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

Defendant Coil Winding Specialist, Inc. ("CWS") responds as follows to the allegations of the Complaint:

## THE PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Defendant admits that it does business in this District and that it is incorporated in California, but denies the remaining allegations of Paragraph 4.

5. Denied.

## EVOLVE'S PATENTS-IN-SUIT

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, and therefore denies them.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7, and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8, and therefore denies them.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10, and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11, and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12, and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, and therefore denies them.

## BACKGROUND

15. Admitted.

16. Admitted.

17. Denied.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, and therefore denies them.

19. Denied.

## FIRST CLAIM FOR RELIEF

20. Paragraph 20 contains no allegation of fact requiring a response.

21. Denied.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, and therefore denies them.

26. Denied.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27, and therefore denies them.

28. Denied.

29. Denied.

30. Denied.

## SECOND CLAIM FOR RELIEF

31. Paragraph 31 contains no allegation of fact requiring a response.

32. Denied.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33, and therefore denies them.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34, and therefore denies them.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35, and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36, and therefore denies them.

37. Denied.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38, and therefore denies them.

39. Denied.

40. Denied.

41. Denied.

**THIRD CLAIM FOR RELIEF**

42. Paragraph 42 contains no allegation of fact requiring a response.

43. Denied.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44, and therefore denies them.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45, and therefore denies them.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46, and therefore denies them.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47, and therefore denies them.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48, and therefore denies them.

49. Denied.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50, and therefore denies them.

51. Denied.

52. Denied.

53. Denied.

**FOURTH CLAIM FOR RELIEF**

54. Paragraph 54 contains no allegation of fact requiring a response.

55. Denied.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56, and therefore denies them.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57, and therefore denies them.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58, and therefore denies them.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59, and therefore denies them.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60, and therefore denies them.

61. Denied.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62, and therefore denies them.

63. Denied.

64. Denied.

65. Denied.

**FIFTH CLAIM FOR RELIEF**

66. Paragraph 66 contains no allegation of fact requiring a response.

67. Denied.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68, and therefore denies them.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 69, and therefore denies them.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70, and therefore denies them.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71, and therefore denies them.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 72, and therefore denies them.

73. Denied.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 74, and therefore denies them.

75. Denied.

76. Denied.

77. Denied.

## AFFIRMATIVE DEFENSES

78. The Complaint fails to state a claim upon which relief can be granted.

79. Defendant has not infringed, either directly or indirectly, any valid and enforceable claim of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent.

80. Each of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—is invalid for failing to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and 112.

81. Plaintiff's allegations are precluded, in whole or in part, by an express or implied license.

82. Plaintiff's allegations are barred by the equitable doctrines of patent misuse, laches, equitable estoppel, waiver, acquiescence and/or unclean hands.

83. Plaintiff's request for monetary relief is barred or limited pursuant to the requirements of 35 U.S.C. §§ 284-288, and by a lack of causation of any damages by any actions of Defendant.

84. Defendant reserves the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## FIRST AMENDED COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 15(a)(1), for its First Amended Counterclaims, Defendant and Counterclaimant CWS alleges as follows:

### Jurisdiction and Venue

1. CWS is a California corporation with a principal place of business in Orange, California.

2. Counter-Defendant Evolve Technologies, LLC ("Evolve") is a Delaware company with a principal place of business in Scottsdale, Arizona.

3. Subject to Defendant's denials and affirmative defenses herein above, because Counter-Defendant has asserted patent infringement against CWS in this action, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-02. A judicial declaration is necessary so that CWS may confirm its rights in view of the alleged patent rights asserted in this action by Counter-Defendants.

4. Personal jurisdiction and venue are proper in this District because of Counter-Defendant's choice of forum, and also pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

### Declaratory Judgment of Non-Infringement

5. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

6. CWS has not infringed, either directly or indirectly, any valid claim of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent.

7. CWS has not infringed any valid claim of the patents-in-suit for at least the reason that the cam, shaft, and handle in the patents-in-suit are not a "bypass pin."

8. In addition, no part of the "override assembly" of the patents-in-suit operates directly on the valve in the way that the cam of the CWS valve does.

**Declaratory Judgment of Patent Invalidity**

9. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

10. Each claim of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—is invalid for failing to meet the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

11. For example, each claim of the patents-in-suit is invalid under 35 U.S.C. § 112 because each claim is overly broad and does not adequately define the term "override assembly."

**Infringement of U.S. Patent 10,006,552**

12. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

13. On June 26, 2018 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,006,552 ("the '552 patent"), entitled "Water and Energy Saving Thermostatic Valve."

14. The '552 patent is owned by CWS.

15. The ‘552 patent generally relates to a valve for saving water and energy that is designed to be installed in the shower to reduce waste when waiting for the water in a shower to reach the appropriate temperature.

16. Upon information and belief, Evolve makes, uses, offers to sell, sells, and/or imports a valve product under the name “ShowerStart TSV.”

17. Evolve has infringed and continues to infringe at least Claim 1 of the ‘552 patent both literally and under the doctrine of equivalents by making, using, offering to sell, selling and/or importing the ShowerStart TSV product, and contributing to others’ infringement, and inducing others’ infringement.

18. Claim 1 of the ‘552 patent recites: “A valve for saving water and energy, comprising a valve body having an inlet for receiving water and an outlet.” Evolve’s ShowerStart TSV product is a valve made to save water and energy when waiting for the shower to heat up and has a body with an inlet for receiving water and an outlet.

19. Claim 1 of the ‘552 Patent further recites: “a wax motor mounted within the valve body such that that the wax motor can move in an axial direction; a relief spring that holds the wax motor in its nominal position axially within the valve body; the wax motor having at least a capsule and a piston, wherein the wax motor is responsive to an actuation temperature, whereby the piston is retracted into the capsule when the temperature is less than the actuation temperature, the piston is extended from the capsule to a working position when the temperature reaches the actuation temperature, and the piston is over-extended from the capsule to a maximum extension when the temperature is maintained at or above the actuation temperature.”

20. The Showerstart TSV contains a wax motor containing a capsule and piston that is mounted within the valve body so it can move in an axial direction, and a relief spring that holds the motor and the rest of the assembly in place. The

wax motor is responsive to an actuation temperature that results in the piston extending once the actuation temperature is reached.

21. Claim 1 of the '552 patent further recites: "a valve plunger and a valve seat, wherein the valve is open to the flow of water when the valve plunger is separated from the valve seat, and the valve is closed to the flow of water when the valve plunger is in contact with the valve seat, the piston engages the valve plunger, moving the valve plunger so that the valve is open when the piston is retracted and so that the valve is closed when the piston is extended."

22. The ShowerStart TSV contains a valve plunger and a valve seat. The valve piston is moved by the piston of the wax motor once the actuation temperature is reached. The wax motor moves the valve plunger into the valve seat which closes the valve to restrict the flow of water.

23. Claim 1 of the '552 patent further recites: "a cam, a handle for turning the cam, a torque spring acting on the cam, which urges the cam to a quiescent position, when the cam is in its quiescent position, the cam is disengaged from the valve plunger, when the cam is turned to an actuated position, the cam engages the valve plunger and moves the valve plunger away from the valve seat to open the valve irrespective of the position of the piston relative to the wax motor."

24. The ShowerStart TSV contains a cam, a handle, a torque spring that acts on the cam that resets the cam and handle to the original position. When the cam and handle are in the original position, the cam does not interfere with the mechanism of the valve plunger and wax motor. When the cam and handle are turned to an actuated position, the valve plunger and valve seal are separated, and the valve is opened irrespective of the position of the piston.

25. Claim 1 of the '552 patent further recites: "a cam detent, the cam detent holds the cam in the actuated position if the cam is turned to the actuated

position while the piston is extended or over-extended, the cam detent releases the cam to return to its quiescent position when the piston is retracted."

26. The ShowerStart TSV contains a cam detent which holds the cam in the actuated position once the cam and handle are in the actuated position, and the detent releases the cam once the water pressure is released or the piston is retracted.

27. Claim 1 of the '552 patent further recites: "the wax motor further having a minimum required piston force acting on the piston so that it will properly retract into the capsule when the temperature is less than the actuation temperature, a working spring acting upon the piston that has a working spring force that is greater than the minimum required piston force, the relief spring has a relief spring preload force that is greater than the working spring force, the wax motor further having a maximum piston force above which the wax motor may be damaged permanently the relief spring yields allowing the wax motor to move within the valve body when the force on the piston is greater than the relief spring preload force, and the relief spring has a maximum relief spring force that is less than the maximum piston force."

28. The wax motor of the ShowerStart TSV has a minimum required piston force, and a working spring that acts upon the piston with a working force greater than the minimum required force of the wax motor. The relief spring in the ShowerStart TSV has a preload force greater than the working spring force, and allows the wax motor to move when the force on the piston is greater than the preload force.

29. Upon information and belief, Evolve will continue to infringe the '552 patent unless enjoined by this court.

30. As a direct and proximate result of Evolve's infringement of the '552 patent, CWS has been and continues to be damaged in an amount yet to be

determined, but in no event less than a reasonable royalty for the making, use, sell, offering for sale, and/or importation of the invention by Evolve, together with interest and costs as fixed by the Court.

**Intentional Interference with Contractual Relations**

31. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

32. CWS has spent considerable investment, time, effort and resources to ensure that its accused infringing product is a unique and novel design and does not infringe any intellectual property rights of others, including Evolve.

33. CWS has contracts with its vendors and marketing partners, including but not limited to Bob Sullivan of Eclipse Efficiencies at eclipseefficiencies.com, one of many marketing partners of CWS for its accused infringing Hot-Start products.

34. Before filing this action, Evolve intentionally interfered with the contractual relationship between CWS and Eclipse Efficiencies, including by communicating directly with Eclipse Efficiencies and unlawfully pressuring it to withdraw the accused infringing product from the market.

35. Evolve had no good faith basis to believe that its patents were being infringed by CWS, and thus had no protected right to notify Eclipse Efficiencies of any potential infringement.

36. Evolve knew that Eclipse Efficiencies had not made, used, offered to sell, sold or imported the accused infringing products, but nonetheless interfered with CWS' relationship rather than communicating with CWS directly.

37. Evolve's conduct prevented performance and/or made performance of CWS' contracts more expensive and difficult.

38. Evolve intended to disrupt the performance of these contracts or knew that disruptions were certain or substantially certain to occur.

39. Evolve's conduct was a substantial factor in causing CWS harm, in an amount to be proven at trial.

**Intentional Interference with Prospective Economic Relations**

40. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of these counterclaims.

41. There was and is an economic relationship between CWS and its vendors and marketing partners, including but not limited to Eclipse Efficiencies.

42. These relationships would have resulted in an economic benefit to CWS.

43. Evolve knew of these relationships.

44. Evolve engaged in conduct with the intention of harming or completely destroying these relationships, or knew harm or destruction of the relationships was likely to occur.

45. These relationships were disrupted as a result of Evolve's conduct and CWS was harmed thereby.

46. Evolve had no good faith basis to believe that its patents were being infringed by CWS, and thus had no protected right to notify Eclipse Efficiencies of any potential infringement.

47. Evolve's conduct was a substantial factor in causing CWS harm, in an amount to be proven at trial.

**Unfair Competition**

48. CWS repeats and incorporates by reference the allegations of the preceding paragraphs of the counterclaims.

49. Evolve's wrongful conduct alleged herein constitutes an unlawful, fraudulent, and/or unfair act or practice within the meaning of Cal. Bus. & Prof. Code § 17200 *et seq.* because Evolve effectively took business away from CWS through their baseless threats and claims of infringement.

50. Evolve's wrongful acts complained of herein have injured and damaged CWS.

51. As a direct and proximate cause of Evolve's improper actions, CWS has been harmed in an amount to be proven at trial.

**Prayer for Relief**

Counterclaimant prays for judgment as follows:

A. Dismissing the Complaint with prejudice and denying Plaintiff any relief, including any award of damages, costs or attorney fees;

B. Declaring that CWS has not infringed each of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—either directly or indirectly;

C. Declaring that each asserted claim of each of the patents-in-suit—*i.e.*, the '417 patent, the '693 patent, the '655 patent, the '629 patent, and the '042 patent—is invalid;

D. Declaring that Evolve has infringed the '552 patent;

E. Awarding CWS damages arising out of Evolve's infringement of the '552 patent, including pursuant to 35 U.S.C. § 284;

F. Awarding preliminary and permanent injunctive relief enjoining Evolve from interfering with any contractual relationships or prospective business relationships between CWS and third parties;

G. Awarding CWS compensatory and punitive damages to be proven at trial for the significant damage caused to CWS' business as a result of Evolve's intentional interference and unfair competition, including Evolve's profits and restitution for Evolve's ill-gotten gains, including in accordance with Cal. Bus. & Prof. Code § 17203;

H. Awarding CWS pre-judgment interest, including in accordance with Cal. Civ. Code. § 3287;

I. Declaring this action an “exceptional case” and awarding CWS its attorney fees, litigation expenses and costs incurred in this action pursuant to Fed. R. Civ. P. 54(d)(1) and the relevant provisions of the Patent Act; and

J. Awarding such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 13, 2018

**FOUNDATION LAW GROUP LLP**

By: /s/ Stephen M. Lobbin
Attorneys for Defendant/Counterclaimant

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Defendant and Counterclaimant hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated: July 13, 2018

**FOUNDATION LAW GROUP LLP**

By: /s/ Stephen M. Lobbin
Attorneys for Defendant/Counterclaimant

**PROOF OF SERVICE**

I hereby certify that on July 13, 2018, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated: July 13, 2018 /s/ Stephen M. Lobbin