# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Evolve Technologies, LLC a Delaware limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>Coil Winding Specialist, Inc. a California corporation,<br><br>         Defendant. | Case No.: 18-cv-00671-BEN-BGS<br><br>**CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A PATENT CASE** |
| Coil Winding Specialist, Inc., a California corporation,<br><br>         Counter Claimant,<br><br>v.<br><br>Evolve Technologies, LLC, a Delaware limited liability company,<br><br>         Counter Defendant. | |

  1. On or before **September 7, 2018**, each party claiming patent infringement shall separately serve on all parties a Disclosure of Asserted Claims and Preliminary

Infringement pursuant to Patent L.R. 3.1 and produce documents as required by Patent L.R. 3.2.

2. On or before **October 19, 2018**, each party opposing a claim of infringement shall serve Invalidity Contentions pursuant to Patent L.R. 3.3 and produce documents as required by Patent L.R. 3.4.

3. On or before **October 26, 2018**, the parties shall exchange Preliminary Claim Constructions pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b).

4. On or before **November 2, 2018**, the parties shall exchange Responsive Claim Constructions pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d).

5. On or before **November 9, 2018**, parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement pursuant to Patent L.R. 4.2.

6. The deadline for filing, as of right, Amended Infringement Contentions by a party claiming infringement is **November 9, 2018**. See Patent L.R. 3.6(a).

7. All discovery intended for use in the Claim Construction Hearing must be completed by **November 29, 2018**. See Patent L.R. 4.3.

8. The deadline for filing, as of right, Amended Invalidity Contentions by the party opposing infringement is **November 29, 2018**. See Patent L.R. 3.6(b)

9. On or before **November 30, 2018**, the parties must file simultaneously their Opening Claim Construction Briefs. See Patent L.R. 4.4(a).

10. On or before **December 14, 2018**, the parties must file simultaneously their Responsive Claim Construction Briefs. See Patent L.R. 4.4(b).

11. The Claim Construction and tutorial hearing will be held **January 11, 2019**, at **10:30 AM** before Roger T. Benitez. See Patent L.R. 4.5.

12. Not later than thirty (30) days after the filing of the Claim Construction Order, any party relying upon advice of counsel as part of a patent-related claim or

defense for any reason must make the disclosures required by Patent L.R. 3.7

13. A party asserting infringement must serve final amended infringement contentions, within the meaning of Patent L.R. 3.6(a)(1), not later than thirty (30) days after service of the Court's Claim Construction Ruling.

14. A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), not later than fifty (50) days after service of the Court's Claim Construction ruling.

15. The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is **March 14, 2019**. See Patent L.R. 2.1(a)(1).

16. All fact discovery shall be completed by all parties on or before **May 14, 2019**.

17. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **June 11, 2019**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **July 9, 2019**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c).

18. All discovery, including expert discovery, shall be completed by all parties on or before **August 6, 2019**. "Completed" means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that response thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date. Counsel are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rule 26.1(a). Counsel are to comply with the chambers rules of the Magistrate Judge in bringing discovery disputes before the court.

19. All other dispositive motions, including those addressing *Daubert* issues, shall be FILED on or before **August 20, 2019**. Please be advised that counsel for the

moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge **Roger T. Benitez**.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

21. A Mandatory Settlement Conference shall be conducted on **February 13, 2019** at **1:30 PM** in the chambers of Magistrate Judge **Bernard G. Skomal**. All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[1] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

1. Counsel shall lodge confidential settlement briefs directly with chambers by **January 30, 2019**. The briefs must address the legal and factual issues in the case and

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

should focus on issues most pertinent to settling the matter.  The briefs should not repeat facts or law contained in the Complaint or Answer.  Briefs do not need to be filed or served on opposing counsel.  The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC.  The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel.  **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

22.     Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

23.     In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.

24.     Parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

25.     All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **September 23, 2019**.  Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

26.     Pursuant to Local Civil Rule 16.1(f)(4), on or before **September 30, 2019**, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:

a.     A joint neutral statement to be read to the jury, not in excess of one

page, of the nature of the case and the claims and defenses.

    b.    A list of the causes of action to be tried, referenced to the Complaint and Counterclaim. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint and/or Counterclaim which is not listed shall be dismissed with prejudice.

    c.    A list, in alphabetical order, of:

        i.    Each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

        ii.    Each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

        iii.    Additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    d.    A list of:

        i.    All exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

        ii.    All other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    e.    A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

    f.    A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

   g. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26 (a)(3) Pretrial Disclosures.

  The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  **Judge Roger T. Benitez** will entertain any questions concerning the conduct of the trial at the pretrial conference.

  27. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a).  On or before **October 7, 2019**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

  28. The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with **Judge Roger T. Benitez** chambers on or before **October 15, 2019**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

  29. The final pretrial conference shall be held before the **Honorable Roger T. Benitez**, United States District Court Judge, on **October 21, 2019** at **10:30 AM**, during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions and the trial schedule.

  30. The dates and times set forth herein will not be modified except for good cause shown.

  31. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

  **IT IS SO ORDERED.**

1 | Dated:  August 29, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge