UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLVE TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>         Plaintiff/Counter Defendant,<br><br>v.<br><br>COIL WINDING SPECIALIST, INC., a California corporation,<br><br>         Defendant/Counter-Claimant. | Case No.: 3:18-cv-00671BEN-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**<br><br>**[Doc. No. 16.]** |

Before the Court is Plaintiff EVOLVE TECHNOLOGIES, LLC's ("Evolve") Motion to Dismiss Defendant COIL WINDING SPECIALIST, INC.'s ("CWS") First Amended Counterclaims. For the reasons set forth below, Evolve's motion is DENIED.

## I. BACKGROUND[1]

Evolve initiated the present action in April 2018. ("Complaint" Doc. No. 1.) In the Complaint, Evolve alleged that CWS infringed U.S. Patent Nos. 7,878,417 ("the '417 Patent"), 8,434,693 ("the '693 Patent"), 9,309,655 ("the '655 Patent"), 9,611,629 ("the '629 Patent"), and 9,927,042 ("the '042 Patent") (collectively, the "Patents-in-Suit"). (Doc. 1 ¶¶ 6-10.) The Patents-in-Suit relate to a multifunctional restrictive valve for

---

[1] The following overview of the facts are drawn from the relevant allegations of the Complaint for resolving the instant motion to dismiss. The Court is not making findings of fact.

1

controlling the flow of water.[2] *Id.* ¶ 11. Evolve makes and sells valve products covered by the Patents-in-Suit throughout California and the United States. *Id.* ¶ 13.

CWS manufactures and sells a similar shower valve used for saving water and energy. One model of this valve product is branded under the name "Hot-Start!"[3] *Id.* ¶ 15.

Evolve alleges that the Hot-Start! valve product embodies the claims of Evolve's multifunctional restrictive valve patents.

Claim 1 of the 417' Patent covers a "valve for controlling the flow of water therethrough." The valve comprises a flow control assembly which includes a temperature sensor. The flow control assembly "adapted to substantially block and unblock the flow of water in the channel responsive to the temperature sensor." Evolve alleges CWS's Hot-Start! valve product is infringing because CWS's website advertises that the Hot-Start! valve product "reads water temperature and tells the valve to automatically close and pause water flow at 95º F." Evolve's remaining patents are alleged to have been infringed for similar reasoning.

On June 1, 2018, CWS filed its Answer to the Complaint and asserted counterclaims. (Doc. No. 8.) Shortly thereafter on July 13, 2018, CWS filed a First Amended Answer to the Complaint and asserted Counterclaims. (Doc. No. 15.)

On July 27, 2018, Evolve filed the present Motion to Dismiss. (Doc. No. 16.) CWS responded to which Evolve replied. (Doc. Nos. 24, 26.)

---

[2] More particularly, a multifunctional restrictive valve permits water to pass through the valve until the water reaches a predetermined temperature and then stops the water flow. The multifunctional restrictive valve allows a user to run water unattended to clear the cold water from the water line because the user knows the valve will shut off when the water heats up to minimize wasted hot water. *Id.* ¶ 11.

[3] CWS markets and sells this product under trade names Eclipse Efficiencies, Inc. and CWS Bytemark. *Id.* ¶ 16.

Pursuant to civil local rule 7.1.d.1, this Court finds the Motion fully briefed and suitable for determination without oral argument.

## II. DISCUSSION

### A. Evolve's Motion to Dismiss CWS's Counterclaims.

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to provide the opposing party notice of the claim and the grounds upon which it rests. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "The rule applies equally to a counterclaim." *Hana Fin. Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal. 2007).

To survive a motion to dismiss, a counterclaim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681. Rather, to state a plausible claim for relief, the counterclaim "must contain sufficient allegations of underlying facts" to support its legal allegations. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Evolve argues that the Court should dismiss amended counterclaims one, two, four, five and six of the Amended Answer. On August 23, 2018, CWS submitted a notice of dismissal of the third counterclaim for "Infringement of U.S. Patent 10,006,552." (Doc. No. 23.) The Court addresses each remaining argument in turn.

#### 1. *Counterclaim for Declaratory Judgment of Non-Infringement*.

Evolve argues that CWS's First Amended Counterclaim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to provide adequate factual support of CWS's allegations on non-infringement. (Doc. No. 14 at 2.)

Unlike the requirement with invalidity contentions, the Standing Patent Rules do not mandate a subsequent, more extensive disclosure of non-infringement positions. For the Defendant to provide Plaintiff with fair notice and a basis for asserting the non-infringement counterclaim, the pleadings must contain the factual basis necessary to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 561. The defendant is not required to give every detail of its counterclaim. *See Iqbal*, 556 U.S. 678. That is, it need not set forth every permutation of its non-infringement theories on an element-by-element basis. *See, e.g., Infineon Tech. AG v. Volterra Semiconductor Corp.*, No. 3:11-cv-06239-MMC at 2-3 (N.D. Cal. May 1, 2013) (finding an identification of non-infringing products for each asserted patent to be sufficient). But it must provide "enough facts to state a claim to relief that is plausible on its face." *See Twombly* at 1960.

In this case, the Court agrees with CWS. Numerous California district courts have found general denials of infringement sufficient to sustain declaratory judgment claims for patent non-infringement at the pleading stage. *See MIS Scis. Corp. v. Rpost Commc'ns Ltd.,* No. 14-CV-00376-VC, 2016 WL 2931659, at *1 (N.D. Cal. May 19, 2016) (finding non-infringement claims sufficiently pleaded where the accusing party "described in general terms the accused products," and the accused party broadly denied those allegations, because the accuser "should typically already be on notice of the patent infringement questions posed by the lawsuit"); *Am. Soc'y of Anesthesiologists v. BevMD, LLC,* No. 15-CV-600-BAS(JLB), 2016 WL 4257448, at *4 (S.D. Cal. Mar. 31, 2016) (finding adequate a "scantly" alleged claim that the accused product did "not infringe, has not infringed directly, indirectly, willfully, or otherwise" any claim of the asserted patent); *accord ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011) (holding that a non-infringement claim must at least identify the disputed products to satisfy *Twombly* and *Iqbal*).

Here, Evolve asserts that CWS is contending that it has not infringed the patents because (1) the cam, shaft, and handle in the patents are not a "bypass pin" and (2) no part

of the "override assembly" of the patents operates directly on the valve in the way that the cam of the CWS valve does. (Doc. No. 16 at 2-3.)

Evolves infringement allegations, in turn, reference the accused products, their components, and the corresponding patent claims. Though somewhat minimalist, CWS's non-infringement counterclaims provided Evolve with enough detail to put them on notice of CWS non-infringement contentions. (*See* Doc. No. 15 at 7-8.) That is sufficient for CWS's counterclaims to survive beyond the pleading stage.

That conclusion is reinforced by CWS's subsequent discovery disclosures. Heightened discovery obligations make patent cases "unique with respect to pleading," in that "arguments for more specificity in a complaint are not always warranted."

Accordingly, the Court **DENIES** Evolve's Motion to Dismiss with respect to CWS's first counterclaim for non-infringement.

### 2. *Counterclaim for Declaratory Judgment of Patent Invalidity*.

Evolve argues that CWS's invalidity counterclaim should be dismissed for failing to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 16 at 3.)

Various district courts have weighed in on the level of factual detail required for an invalidity counterclaim to survive a motion to dismiss for failure to state a claim. Some courts have concluded that threadbare recitals that a patent is invalid under various sections of the U.S. Code without further factual detail regarding the grounds for this invalidity are insufficient to satisfy the heightened pleading standards of *Iqbal* and *Twombly*. *See, e.g., Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298, at *4 (C.D. Cal. 2013); *PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686, at *3 (N.D. Cal. 2012). Other courts, however, have found the pleading of such counterclaims to be sufficient in light of the subsequent, detailed invalidity contentions required by local patent rules. *See, e.g., Deckers Outdoor Corp. v. Rue Services Corp.*, No. CV 13–6303 JVS (VBKx), Dkt. 28 at 2–3 (C.D. Cal. Dec. 23, 2013); *ASUSTeK Computer Inc. v. AFTG–TG LLC*, 2011 WL 6845791, *13–14 (N.D. Cal. Dec. 29, 2011); *Microsoft Corp. v. Phoenix Solutions, Inc.*,

741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010). This analysis is further complicated by the abrogation of Rule 84 and Form 18 pleading standard for direct infringement patent claims.

CWS alleges that the Asserted Patents are invalid for failing to comply with the specific statutory subparts of "§§ 101, 102, 103 and/or 112." (Doc. No. 15 ¶¶ 9-11.) CWS is therefore not asserting all grounds of invalidity and unenforceability under the Patent Act. Additionally, CWS explains these grounds of invalidity in detail in its affirmative defenses. As such, Evolve has sufficient notice of the grounds underlying CWS's counterclaim. In the present posture, greater specificity cannot be demanded, as Evolve has yet to identify the specific patent claims it intends to assert against CWS. *Tetsuya v. Amazon.com, Inc.*, No. C11-01210 HRL, 2011 WL 10632812, at *2 (N.D. Cal. Nov. 8, 2011); *Vistan Corp. v. Fadei USA, Inc.,* No, C-10-4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011).

Accordingly, the Court **DENIES** Evolve's Motion to Dismiss with respect to CWS's second counterclaim for declaratory judgment on Patent Invalidity.

### 3. *Preemption of State Law Counterclaims Pursuant to Federal Law*.

Evolve argues that in response to its Motion to Dismiss (Doc. No. 14), CWS merely added to its state law counterclaims the conclusory statement that "Evolve had no good faith basis to believe that its patents were being infringed by CWS, and thus had no protected right to notify Eclipse Efficiencies of any potential infringement." (Doc. No. 16 at 4.)

CWS argues that Evolve has failed to produce evidence that CWS acted in bad faith. The Court agrees with CWS and denies that part of Evolve's Motion to Dismiss Counterclaims.

The United States Court of Appeals for the Federal Circuit has concluded that its law applies to cases in which unfair competition or similar business torts are asserted as counterclaims in a patent infringement action. *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347 (Fed. Cir. 1999). "[A] patentee's statements regarding its patent rights are conditionally privileged under the patent laws so that such statements are not

actionable unless made in bad faith." *Id.* at 1353. *685. With respect to federal unfair competition claims, "before a patentee may be held liable under § 43(a) [of the Lanham Act] for marketplace activity in support of its patent...the marketplace activity must have been undertaken in bad faith." *Id.* With respect to state law claims, "federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Matthews Int'l Corp. v. Biosafe Eng'g*, 695 F.3d 1322, 1332 (Fed. Cir. 2012). Such state law claims survive preemption by federal patent law "only to the extent that those claims [are] based on a showing of bad faith action in asserting infringement." *Matthews Int'l*, 695 F.3d at 1332 (state law claims for tortious interference with contractual relations); *see also Hunter Douglas Inc. v. Harmonic Design Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998) *overruled on other grounds by Midwest Indus. Inc. v. Karavan Trailers Inc.*, 175 F.3d 1356, 1358–59 (Fed. Cir. 1999) (state law claims of unfair competition).

"A plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004). Plaintiff must prove bad faith by clear and convincing evidence. *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002).

The crux of CWS's claim of wrongful conduct stems from Evolve's intentional communication with a CWS vendor, "Eclipse Efficiencies," in order to put Eclipse Efficiencies on notice of the potential infringement issues related to CWS's valve assembly and Evolve's patents-in-suit. Evolve argues that CWS has failed to meet its burden of demonstrating that Evolve acted in bad faith. At most, CWS alleges that "Evolve had no good faith basis to believe that its patents were being infringed," and "Evolve knew that Eclipse Efficiencies had not made, used, offered to sell, sold or imported the accused infringing products," however such allegations, even if taken as

true, are not sufficient to demonstrate bad faith, and instead amount to unsupported (if not controverted) legal conclusions. (Doc. No. 26 at 5-6.)

The Court rejects Evolve's bad faith arguments. First, the Court finds CWS's litigation position reasonable and Evolve's attempt to demonstrate CWS's bad faith based on these arguments is unpersuasive. Second, even if the Court were to find the patents invalid or not infringed as a matter of law, this would not constitute bad faith unless CWS's litigation position was objectively baseless or CWS believed that the patents were invalid, unenforceable, or not infringed when it sent the letters to Evolve's customers. *Golan*, 310 F.3d at 1371. ("[P]atentees...are allowed to make representations that turn out to be inaccurate...."). Evolve has identified no other evidence that CWS knew the patents were invalid or not infringed to establish bad faith.

Because there is no evidence, at least at this early stage of the proceedings, that CWS's claims of infringement were made in bad faith, were objectively baseless, or even that the claims were unreasonable, the Court denies Evolve's Motion to Dismiss the Counterclaims as Preempted by Federal law.

**4.** *Dismissal of State Law Claims Pursuant CA Code of Civil Proc. §§ 425.16.*

Evolve moves to dismiss CWS's intentional interference with prospective business advantage claim pursuant to California Civil Procedure Code § 425.16. Evolve argues that CWS's claim should be dismissed insofar as it is based on Evolve's communications with CWS's customer Eclipse Efficiencies.

California Civil Procedure Code § 425.16 allows a defendant to gain early dismissal of causes of action aimed at chilling the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. Cal. Civ. Proc. Code § 425.16(a); *Varian Med. Sys., Inc. v. Delfino,* 35 Cal. 4th 180 (2005). These suits are often referred to as "strategic lawsuits against public participation" or "SLAPP" suits; hence § 425.16 is often referred to as the "anti-SLAPP statute." *See Balzaga v. Fox News Network, LLC,* 173 Cal. App. 4th 1325 (2009).

"A court considering a motion to strike under the anti-SLAPP statute must engage

8

3:18-cv-00671BEN-BGS

in a two-part inquiry." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1110 (9th Cir. 2003). First, the defendant must make an initial prima facie showing "that the challenged cause of action is one arising from protected activity." *Navellier v. Sletten,* 29 Cal. 4th 82 (2002). "A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.15, subdivision (e)." *Id.* (quoting *Braun v. Chronicle Publ'g Co.,* 52 Cal. App. 4th 1036 (1997)) (internal quotation marks omitted).

Second, once the defendant has made a prima facie showing of protected activity, the court "must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.* A plaintiff has a probability of prevailing if "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811 (2002) (quoting *Matson v. Dvorak,* 40 Cal. App. 4th 539 (1995)) (internal quotation marks omitted). "The plaintiff's showing of facts must consist of evidence that would be admissible at trial." *Hall v. Time Warner, Inc.,* 153 Cal. App. 4th 1337 (2007). Indeed, "[t]he plaintiff may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence." *Paiva v. Nichols,* 168 Cal. App. 4th 1007 (2008).

Only when a defendant shows that a claim is based on protected conduct and the plaintiff fails to show a likelihood of success on that claim is it subject to dismissal. *Varian Med. Sys.,* 25 Cal. Rptr. 3d 298 (2005).

*Commercial Speech Exception*

California Civil Procedure Code § 425.17 lays out several exemptions from anti-SLAPP liability. Among them is § 425.17(c), the "commercial speech exemption." *TYR Sport Inc. v. Warnaco Swimwear Inc.,* 679 F. Supp. 2d 1120, 1142 (C.D. Cal. 2009). Under this exemption, causes of action arising from commercial speech are exempt from the anti-SLAPP law when:

(1) the cause of action is against a person primarily engaged in the business

of selling or leasing goods or services;
(2) the cause of action arises from a statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services;
(3) the statement or conduct was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services; and
(4) the intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer.

*See Simpson Strong–Tie Co. v. Gore,* 49 Cal. 4th 12, 30 (2010).

CWS opposes Evolve's anti-SLAPP motion on the basis that Evolve's communications, and thus CWS's cause of action, is subject to the commercial speech exemption. (Doc. No. 24 at 6.) Given the parties' postures, the Court's analysis begins with assessing whether CWS's communications are subject to the commercial speech exemption. If it is, the anti-SLAPP analysis ends. If not, the Court continues with the § 425.16 analysis.

First, Evolve is a manufacturer of renewables and environmental products, primarily engaged in the business of selling goods (*thermostatic shut-off valves for water conservation*). (Doc. No. 24 at 6.) Second, CWS's three California state law counterclaims arise from Evolve's statements and representations of fact about the business operations and goods of CWS, Evolve's competitor. *Id*. As alleged, Evolve touted (*what CWS alleges are baseless*) infringement allegations against CWS to its vendor and partner Eclipse Efficiencies ("Eclipse"). *Id*. Third, the statements made by Evolve to Eclipse clearly were for a "commercial purpose" and specifically to promote Evolve's own business and goods at the expense of CWS. And finally, fourth, Evolve's audience, Eclipse was "an actual or potential buyer or customer."

Having demonstrated that all four factors are met, Evolve's statements to Eclipse about the alleged infringement of its patents should be classified as commercial speech and thus not protected by California's anti-SLAPP statute.

Accordingly, the Court **DENIES** Evolve's Motion to Dismiss the counterclaims.

## III. CONCLUSION

Evolve's Motion to Dismiss CWS's Counterclaims is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 27, 2019

*/s/ signature/*

**HON. ROGER T. BENITEZ**
United States District Judge