Nicholas Transier (CA SBN 265211)
Email: ntransier@pattersonsheridan.com
**Patterson + Sheridan LLP**
4660 La Jolla Village Drive, Suite 200, San Diego, CA 92121
Telephone: (619) 340-0370

Jerry Selinger (TX SBN 18008250) (admitted *pro hac vice*)
Email: JSelinger@pattersonsheridan.com
**Patterson + Sheridan LLP**
1700 Pacific Avenue, Suite 2650, Dallas, TX 75201
Telephone: (214) 720-2200

Adam Davenport (TX SBN 24065117) (admitted *pro hac vice*)
Email: adavenport@pattersonsheridan.com
**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600, Houston, TX 77046
Telephone: (713) 623-4844

James L. Williams (AZ SBN 026402) (admitted *pro hac vice*)
Email: james@azbarristers.com
**SCHMITT SCHNECK CASEY EVEN & WILLIAMS, P.C.**
1221 E Osborn Rd. #105, Phoenix, AZ 85014
Telephone: (602) 277-7000

*Counsel for Plaintiff/Counter Defendant*
*EVOLVE TECHNOLOGIES, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Evolve Technologies, LLC**, a Delaware limited-liability company,<br><br>　　　　Plaintiff,<br>v.<br><br>**Coil Winding Specialist, Inc.**, a California corporation,<br><br>　　　　Defendant. | Case No. 3:18-cv-00671-BEN-BGS<br><br>**PLAINTIFF/COUNTER-DEFENDANT EVOLVE TECHNOLOGIES, LLC'S REPLY TO DEFENDANT/COUNTER-CLAIMANT COIL WINDING SPECIALISTS, INC.'S FIRST AMENDED COUNTERCLAIMS** |
| **Coil Winding Specialist, Inc.**, a California corporation,<br><br>　　　　Counter Claimant,<br>v.<br><br>**Evolve Technologies, LLC**, a Delaware limited liability company,<br><br>　　　　Counter Defendant. | |

Plaintiff/Counter-Defendant Evolve Technologies, LLC ("Evolve" or "Plaintiff"), by and through undersigned counsel, hereby files this Reply to Defendant/Counter Claimant Coil Winding Specialist, Inc.'s ("Defendant" or "CWS") First Amended Counterclaims as follows:

### Jurisdiction and Venue

1. Admitted.

2. Admitted.

3. Admitted to the extent that this Court has subject matter jurisdiction over Defendant's Counterclaims; otherwise, denied.

4. Admitted.

### Declaratory Judgment of Non-Infringement

5. Paragraph 5 of Defendant's First Amended Counterclaims contains no allegation of fact requiring a response; alternatively, denied.

6. Denied.

7. Denied.

8. Denied.

### Declaratory Judgment of Patent Invalidity

9. Paragraph 9 of Defendant's First Amended Counterclaims contains no allegation of fact requiring a response; alternatively, denied.

10. Denied.

11. Denied.

### Infringement of U.S. Patent 10,006,552

12. Paragraph 12 of Defendant's First Amended Counterclaims contains no allegation of fact requiring a response; alternatively, denied.

13. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 13 of Defendant's First Amended Counterclaims is required; alternatively, denied.

14. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 14 of Defendant's First Amended Counterclaims is required; alternatively, denied.

15. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 15 of Defendant's First Amended Counterclaims is required; alternatively, denied.

16. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 16 of Defendant's First Amended Counterclaims is required; alternatively, denied.

17. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 17 of Defendant's First Amended Counterclaims is required; alternatively, denied.

18. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 18 of Defendant's First Amended Counterclaims is required; alternatively, denied.

19. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 19 of Defendant's First Amended Counterclaims is required; alternatively, denied.

20. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 20 of Defendant's First Amended Counterclaims is required; alternatively, denied.

21. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 21 of Defendant's First Amended Counterclaims is required; alternatively, denied.

22. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 22 of Defendant's First Amended Counterclaims is required; alternatively, denied.

23. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 23 of Defendant's First Amended Counterclaims is required; alternatively, denied.

24. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 24 of Defendant's First Amended Counterclaims is required; alternatively, denied.

25. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 25 of Defendant's First Amended Counterclaims is required; alternatively, denied.

26. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 26 of Defendant's First Amended Counterclaims is required; alternatively, denied.

27. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 27 of Defendant's First Amended Counterclaims is required; alternatively, denied.

28. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 28 of Defendant's First Amended Counterclaims is required; alternatively, denied.

29. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 29 of Defendant's First Amended Counterclaims is required; alternatively, denied.

30. Defendant has voluntarily dismissed the Counterclaim of Infringement of U.S. Patent 10,006,552. Dkt. 23. Accordingly, no response to Paragraph 30 of Defendant's First Amended Counterclaims is required; alternatively, denied.

**Intentional Interference with Contractual Relations**

31. Paragraph 31 of Defendant's First Amended Counterclaims contains no allegation of fact requiring a response; alternatively, denied.

32. Denied.

33. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 of Defendant's First Amended Counterclaims and on that basis denies said allegations. Furthermore, upon information and belief, the purported entity "Eclipse Efficiencies" was not and is not an entity separate from Defendant. Bob Sullivan's email correspondence to Plaintiff utilized the domain "coilws.com" further indicating that the purported entity "Eclipse Efficiencies" and Defendant Coil Winding Specialist, Inc. were one and the same. Plaintiff denies any remaining allegations contained within Paragraph 33 of Defendant's First Amended Counterclaims.

34. Denied.

35. Denied.

36. Denied.

37. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of Defendant's First Amended Counterclaims and on that basis denies said allegations.

38. Denied. Furthermore, the purpose of Plaintiff's communication to Mr. Sullivan was to prevent further infringement of its patents.

39. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39 of Defendant's First Amended Counterclaims and on that basis denies said allegations.

## Intentional Interference with Prospective Economic Relations

40. Paragraph 40 of Defendant's First Amended Counterclaims contains no allegation of fact requiring a response; alternatively, denied.

41. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of Defendant's First Amended Counterclaims and on that basis denies said allegations. Plaintiff further specifically

refers and incorporates by reference here Paragraph 33 above.

42. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 of Defendant's First Amended Counterclaims and on that basis denies said allegations.

43. Denied.

44. Denied.

45. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of Defendant's First Amended Counterclaims and on that basis denies said allegations.

46. Denied. Plaintiff further specifically refers and incorporates by reference here Paragraph 35 above.

47. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47 of Defendant's First Amended Counterclaims and on that basis denies said allegations.

## Unfair Competition

48. Paragraph 48 of Defendant's First Amended Counterclaims contains no allegation of fact requiring a response; alternatively, denied.

49. Denied. Plaintiff further specifically refers and incorporates by reference here Paragraphs 33 and 35 above.

50. Denied.

51. Denied.

## DEFENSES AND/OR AFFIRMATIVE DEFENSES

52. The inclusion of any defense or pleading under this heading "Defenses and/or Affirmative Defenses" is not be construed as Plaintiff assuming any burden that is not otherwise on Plaintiff, but is identified herein to provide notice.

53. Defendant's First Amended Counterclaims fail to state a claim upon which relief can be granted.

54. Defendant's Counterclaims of Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Relations, and Unfair Competition are precluded by the First Amendment of the Constitution of the United States.

55. Defendant's Counterclaims of Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Relations, and Unfair Competition are precluded by Article I, Sections 2 and 3, of the Constitution of California.

56. Defendant's Counterclaims of Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Relations, and Unfair Competition are subject to California's Anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, California Code of Civil Procedure § 425.16.

57. Defendant's Counterclaims of Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Relations, and Unfair Competition are preempted by federal patent law.

58. Plaintiff affirmatively alleges that Plaintiff was not acting in bad faith when it contacted Mr. Sullivan. Plaintiff has a right to communicate its patent rights to any potential infringer as long as doing so is not in bad faith. *See, e.g.*, *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998) ("[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patentholder acted in bad faith."); *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997) ("[A] patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction."). "Federal patent law likewise preempts state-law tort liability when a patentee in good faith communicates allegations of infringement of its patent. As a result, 'bad faith must be alleged and

ultimately proven, even if bad faith is not otherwise an element of the tort claim.'" *Dominant Semiconductors Sdn. Bhd. V. OSRAM GMbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008).

59. Prior to this suit, the Hot-Start! product was offered for sale at least via Amazon.com, which purported to list the Hot-Start! product for sale by the purported entity "Eclipse Efficiencies."

60. Plaintiff obtained the Hot-Start! product via a purchase from Amazon.com. Plaintiff analyzed this obtained Hot-Start! product for possible infringement.

61. Upon preliminarily concluding that the sale of the Hot-Start! product infringed, Mr. Jeff Doss, Chief Executive Officer of Plaintiff, provided a claim chart and supporting documentation to Mr. Sullivan supporting Plaintiff's allegation of infringement of claim 1 of U.S. Patent No. 7,878,417, which is at issue in this suit.

62. Mr. Sullivan did not engage in any substantive discussion or communication regarding the alleged infringement and did not provide any reasons to Plaintiff why there was no infringement or why the claim would allegedly be invalid.

63. Plaintiff's actions in communicating with Mr. Sullivan and the purported entity "Eclipse Efficiencies" were objectively and subjectively not in bad faith. Moreover, Plaintiff's actions in communicating with Mr. Sullivan and the purported entity "Eclipse Efficiencies" were objectively and subjectively in good faith.

64. To the extent that Defendant's Counterclaims of Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Relations, and Unfair Competition are premised on Plaintiff's communications with Mr. Sullivan, such Counterclaims are preempted by federal patent law because Plaintiff was not acting in bad faith, but was acting in good faith, when Plaintiff communicated its rights to Mr. Sullivan.

/ / /

/ / /

RESPECTFULLY SUBMITTED this 10th day of April, 2019.

By: *s/ James L. Williams*
Nicholas Transier
Jerry Selinger (admitted *pro hac vice*)
Adam Davenport (admitted *pro hac vice*)
Patterson + Sheridan LLP
E-mail: ntransier@pattersonsheridan.com
E-mail: jselinger@pattersonsheridan.com
Email: adavenport@pattersonsheridan.com

- and -

James L. Williams (admitted *pro hac vice*)
SCHMITT SCHNECK
CASEY EVEN & WILLIAMS, P.C.
E-mail: james@azbarristers.com

*Attorneys for Plaintiff*
EVOLVE TECHNOLOGIES, LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2019, I caused the attached document to be electronically transmitted, per the agreement of the parties, via e-mail rather than via U.S. mail to:

Stephen M. Lobbin
Austin J. Richardson
Joshua N. Osborn
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
La Jolla, California 92037
Tel: 949.636.1391
sml@smlavvocati.com
ajr@smlavvocati.com
jno@smlavvocati.com
*Attorneys for Defendant Coil Winding Specialist, Inc.*


By:  *s/Mikala M. Cordes*